IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JORDON MICHELLE HANSON<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM RIDING et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER TO CURE DEFICIENT COMPLAINT**<br><br>Case No. 1:26-cv-00207-PK<br><br>Magistrate Judge Paul Kohler |

This matter comes before the Court for purposes of screening Plaintiff's Complaint[1] under 28 U.S.C. § 1915 and DUCivR 3-2. For the reasons discussed below, the Court orders Plaintiff to file an Amended Complaint to cure the current Complaint's deficiencies before further pursuing her claims.

## I. BACKGROUND

Plaintiff filed her Complaint on October 21, 2026, therein alleging violations of 42 U.S.C. § 1983, specifically violations of her Fourth, Eighth and Fourteenth Amendment rights.[2] Plaintiff generally alleges that she was subject to unlawful charges and arrest, subject to excessive force, and was denied necessary medical treatment and attention.[3] After a review of the Complaint, without more facts in support of her claims, Plaintiff's cause of action fails.

[1] Docket No. 1.

[2] *Id.* at 3.

[3] *Id.* at 4; Docket No. 1-1, at 1.

## II. DISCUSSION

28 U.S.C. § 1915 governs all cases where a plaintiff is proceeding *in forma pauperis* ("IFP"). Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss a cause of action filed IFP at any time the court determines the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or if the litigant seeks monetary relief from a defendant who is immune from such a claim. Although § 1915(e)(2)(B) screening is not required before granting IFP status or ordering service on the defendant, the Tenth Circuit has encouraged district courts to screen IFP cases as soon as practical.[4] After reviewing Plaintiff's Complaint and for the reasons discussed below, the Court concludes Plaintiff's Complaint fails to state a claim and is deficient in its current form.

Plaintiff's Complaint alleging § 1983 violations suffers from a lack of factual basis as required by Federal Rule of Civil Procedure 8. The Tenth Circuit has explained that compliance with Rule 8 requires that a pleading set forth the court's jurisdiction and requires a plaintiff to identify "what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."[5] "Personal participation is an essential allegation in a § 1983 claim."[6] Such personal participation must be alleged by showing an affirmative link between the defendant and the challenged conduct, either through the defendant's actual conduct or the defendant's acquiescence

---

[4] *See Buchheit v. Green*, 705 F.3d 1157, 1160 (10th Cir. 2012) ("Though screening might be a good practice and more efficient, we find that nothing in this language *requires* an assigned magistrate judge to screen a case for merit or to make a recommendation for dismissal to the district court before granting IFP status.")

[5] *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

[6] *Bennett v. Pasic*, 545 F.3d 1260, 1262–63 (10th Cir. 1976).

in a constitutional violation.[7] Thus, a complaint must "make clear exactly *who* is alleged to have done *what* to *whom*."[8] "[I]t is incumbent upon a plaintiff to 'identify *specific* actions taken by *particular* defendants' in order to make out a viable § 1983 . . . claim."[9]

Additionally, a complaint must state more than "labels and conclusions" and "[f]actual allegations must be enough to raise a right to relief above the speculative level."[10] In other words, a complaint fails to state a claim upon which relief may be granted if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[11] These requirements are designed to provide the opposing party with fair notice of the claims against it and allow the Court to conclude that, if proven, the allegations show that Plaintiff is entitled to relief.[12] Even affording Plaintiff some leniency as is entitled to pro se plaintiffs,[13] liberal construction "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."[14] Absent compliance with the requirements, a case is vulnerable to dismissal.

To her credit, Plaintiff does list dates, times, and places. Plaintiff alleges that events that violated her rights occurred between August 10, 2026, at 4:00 am and August 15, 2026, at 2:00

---

[7] *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Kite v. Kelley*, 546 F.2d 334, 337 (10th Cir. 1976).

[8] *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008).

[9] *Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013) (quoting *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 532 (10th Cir. 1998)).

[10] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)

[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

[12] *Nasious*, 492 F.3d at 1163.

[13] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.")

[14] *Id.*

am.[15] Plaintiff also alleges that she was wrongfully charged and arrested for a crime she did not commit, was subjected to unnecessary force, and faced indifference from prison officials and staff as to her specific medical, dietary and religious needs.[16] But she fails to coherently recite what happened where and when, and what was done by whom at those listed locations in order to specifically support her claims of violations of her Fourth, Eighth, and Fourteenth Amendment rights.

Therefore, if Plaintiff wishes her Complaint to survive, Plaintiff must amend her Complaint to name each Defendant and must clearly allege facts establishing what each named individual defendant did to violate her civil rights, including specific dates or estimations of when the alleged constitutional violations occurred, and each claimed violation should be stated separately.[17]

## III. CONCLUSION

It is therefore

ORDERED that by December 15, 2026, Plaintiff must cure the Complaint's deficiencies noted above by filing a single document entitled, "Amended Complaint," that does not refer to or include any other document. The Amended Complaint MAY NOT include claims outside or beyond what was already contained in the Complaint originally filed here. If an amended complaint is filed, the Court will screen it for dismissal or an order effecting service upon valid

---

[15] Docket No. 1, at 4.

[16] *See id.*; Docket No. 1-1, at 1.

[17] Plaintiff also includes a Demand Letter (Docket No. 1-2) with her Complaint. Information therein could potentially be used in any Amended Complaint to support her claims, but the information must be linked to relevant claims contained within an Amended Complaint and must clearly and coherently state the who, where, what, and when of the events. As the information in the letter stands now, it is insufficient to support her claims of § 1983 violations as currently asserted in the Complaint.

defendants. If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action may be dismissed without further notice. It is further

ORDERED that Plaintiff's Motion for Leave to Proceed in Forma Pauperis (Docket No. 2) is again temporarily GRANTED.

ORDERED

Signed November 13, 2026.

BY THE COURT:

PAUL KOHLER
United States Magistrate Judge